**The below described is SIGNED.**



**Dated: November 20, 2014**



**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

_____

| | |
|---|---|
| In re | ) |
| | ) |
| ERIK KEITH BLOMQUIST, | ) Bankruptcy Case No. 12-20511 |
| | ) |
| Debtor(s). | )          Chapter 7 |
| _____ | ) |
| | ) |
| JOYCE GALE, | ) Adversary Proceeding No. 14-2280 |
| | ) |
| | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) |
| | ) |
| ERIK KEITH BLOMQUIST, | ) |
| | ) ORDER GOVERNING SCHEDULING |
| Defendant(s). | )    AND PRELIMINARY MATTERS |

_____

The following matters are scheduled. Times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause. Pursuant thereto,

      **IT IS HEREBY ORDERED** that:

      1.    The report of the parties' planning meeting held **November 13, 2014** is hereby accepted.

    2.    **PRE-DISCOVERY DISCLOSURES:** Fed. R. Civ. P. 26(a)(1) and Fed. R. Bankr. P. 7026 completion date **December 12, 2014**.

    3.    **DISCOVERY PLAN:** The discovery cut-off date in this adversary proceeding **April 30, 2015.** All discovery, including responses to discovery requests, must be completed by such date. Discovery requests shall be served sufficiently in advance to require responses to such requests to have been served and filed by such date. Discovery motions, including motions to compel or for sanctions under Fed. R. Civ. P. 37 and Fed. R. Bankr. P. 7037, and motions for extension of the discovery deadline, shall be filed sufficiently in advance of the discovery cut-off date to allow compliance with the date.

    4.    **LIMITATIONS ON DISCOVERY.** The following limitations on discovery have been fixed by the court.

| | | | |
|---|---|---|---|
| a. | Maximum interrogatories by any party to any party. | | **25** |
| | Number of days following service when responses are due. | | **25** |
| b. | Maximum requests for admission by any party to any party. | | **25** |
| | Number of days following service when responses are due. | | **25** |
| c. | Maximum requests for production of documents by any party to any party. | | **25** |
| | Number of days following service when responses are due. | | **25** |
| d. | Maximum number of depositions by plaintiff(s). | | **5** |
| e. | Maximum number of depositions by defendant(s). | | **5** |
| f. | Each deposition shall be limited to a maximum of hours unless extended by agreement of the parties. | | **7** |
| g. | Deadline for Fed. R. Civ. P. 26(a)(2) and Fed. R. Bankr. P. 7026 reports from retained experts. | | |
| | Plaintiff(s)'s report(s) due by **May 29, 2015**. | | |

        Defendant(s)'s report(s) due by **July 15, 2015**.

    h.    Supplementations under Fed. R. Civ. P. 26(e) and Fed. R. Bankr. P. 7026 are due **August 31, 2015**.

    5.    **MOTION DEADLINE:**  The deadline for joining additional parties by plaintiff(s) is **February 27, 2015**, by defendant(s) is **February 27, 2015.**  The deadline for amending pleadings by plaintiff(s) is **March 13, 2015**, by defendant(s) is **March 13, 2015**.  The deadline for filing dispositive or potentially dispositive motions is **May 29, 2015**.

    6.    **WITNESSES AND EXHIBITS:**  Final lists of witnesses and exhibits are due from plaintiff(s) **30 days prior to hearing**, from defendant(s) **30 days prior to hearing**.

    The parties will have **14** days after service of final lists of witnesses and exhibits to list objections.

    7.    **ATTORNEYS' CONFERENCE:**  Counsel for the parties, and/or a party if pro se, shall hold an attorneys' conference to discuss settlement, a proposed pretrial order, stipulated facts, exhibit lists, witness lists and other matters that will aid in the preparation of an accurate, complete and definitive pretrial order.  This attorneys' conference shall be held on **June 30, 2015**, at the office of plaintiff(s)'s counsel.

    8.    **PRETRIAL ORDER:**  The parties shall file a proposed pretrial order on or before **July 14, 2015**.  Plaintiff(s)'s counsel shall take the lead in drafting the proposed pretrial order that shall be presented for discussion at the attorneys' conference.  If counsel are unable to agree upon a proposed pretrial order, the matter will be resolved by the court at the final pretrial conference.  If no agreement as to the proposed pretrial order has been reached, plaintiff(s)'s counsel shall nevertheless file on the required date a proposed pretrial order which shall be accompanied by a statement from counsel for the parties explaining and arguing the areas of disagreement.

    **Failure of plaintiff(s)'s counsel to timely file a stipulated pretrial order, or a proposed pretrial order and an explanation as to the failure to stipulate, as described above, shall, unless the court grants relief for cause shown, result in the dismissal of the adversary proceeding.**  If defendant(s)'s counsel fails to stipulate to the proposed pretrial order timely filed by the plaintiff(s) and fails to file timely defendant(s)'s explanation and argument with respect to shortcomings in the proposed pretrial order, the proposed order, unless modified by the court to prevent manifest injustice, shall control the course of the trial.

    9.    **FINAL PRETRIAL CONFERENCE:**  A final pretrial conference shall be held **July 28, 2015 at 10:00 a.m.,** before the Honorable R. Kimball Mosier, United States Bankruptcy

Judge, in Room 369, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah.

      10. **TRIAL BRIEFS:** Trial briefs addressing all legal issues in dispute shall be due two (2) business days prior to trial. All trial briefs shall be accompanied with two (2) courtesy copies for the court's use. Counsel shall specify in the trial briefs all law (statutes, cases, etc.) which will be argued to the court or upon which counsel intend to rely. If counsel determine no legal issues to be in dispute, no trial briefs need be submitted unless the court orders otherwise. A party not filing a trial brief is deemed to have waived his right to oral argument of the law at trial and to have conceded the legal issues in dispute unless justice otherwise dictates.

      11. **PROPOSED FINDINGS AND CONCLUSIONS:** Proposed findings and conclusions as required by Local Rule 7052-1 shall be filed by counsel on or before two (2) business days prior to trial.

      12. **TRIAL:** The date for trial will be fixed at the final pretrial conference. The trial will be conducted by the Honorable R. Kimball Mosier, in Room 369, Frank E. Moss United States Courthouse, 350 South Main Street, Salt Lake City, Utah. Estimated trial time is **2** day(s). Settlement prospects are **moderate**. All exhibits shall be marked for identification prior to the time of trial and, where practicable, <u>duplicate copies of exhibits shall be made available to the court at the time originals are received into evidence to assist the court in reviewing the evidence in bench trials.</u>

      13. Counsel shall consult the Local Rules of this court with respect to motion practice, attorneys' conference, content of the proposed pretrial order, the filing of proposed findings and conclusions in a trial to the court, and other matters appropriate to the litigation. In the event of conflict between any Local Rule and this order, this order shall control.

      The schedule embodied herein shall not be altered except for good cause and upon approval of the court. Any stipulated settlement or motion for continuance of trial should be filed with the court not less than three (3) working days before the trial setting. Unless good cause is shown, where a settlement is made or a continuance granted less than three (3) working days before trial, the clerk shall assess costs equally to the parties, including, but not limited to, court costs, reporter costs, and filing costs, of $50.00 or more. In any case, any stipulation or motion for continuance of trial should be communicated to the trial calendar clerk so the matter may be stricken from the court's calendar and the time otherwise used.

——---------------------------------------**END OF DOCUMENT**------------------------------------------

Service List

Joel T. Zenger
Miller Guymon, PC
165 South Regent Street
Salt Lake City, UT 84111


James A Sorenson
Ray Quinney & Nebeker P.C.
P.O. Box 45385
Salt Lake City, UT 84145